**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>ALBERT TORRES, JR.,<br><br>Debtor. | Bankruptcy Case No. 26-15932 TBM<br>Chapter 13 |

## ORDER DENYING MOTION TO REINSTATE

THIS MATTER comes before the Court on "Emergency Motion to Vacate Dismissal and Reinstate" (Docket No. 18, the "Motion to Reinstate") filed by Albert Torres, Jr. (the "Debtor").

**Background.**

The Debtor filed a voluntary petition for relief under Chapter 13 on August 13, 2026 (the "Petition Date"). In Part 5, Question 15 on the petition, the Debtor stated that exigent circumstances merited a 30-day temporary waiver of the requirement to obtain credit counseling (Docket No. 1). In connection with this statement, the Debtor filed a letter in which he discussed various health circumstances and requested that the Court grant him a temporary waiver of the credit counseling requirement. (Docket No. 7, the "Motion for Temporary Waiver"). The Debtor also filed a "Statement About Your Social Security Numbers" (Docket No. 3) and an "Application for Individuals to Pay the Filing Fee in Installments" (Docket No. 4, the "Application"). The Debtor's case was highly deficient in that the Debtor did not file all required documents with his initial filing.

The next day, August 14, 2026, the Court issued three documents: (1) an "Order Allowing Extension of Time" (Docket No. 9, the "Extension Order"); (2) a "Notice of Deficiency" (Docket No. 8, the "Notice of Deficiency"); and (3) an "Order for Payment of Filing Fees in Installments and Notice of Dismissal in the Event of Default" (Docket No. 10, the "Fee Schedule Order").

In the Notice of Deficiency, the Court identified a number of documents that the Debtor had failed to file with his petition, including:

- Statement of Financial Affairs
- Summary of Assets and Liabilities and Certain Statistical Information
- All Schedules: A/B, C, D, E/F, G, H, I, J
- Declaration About an Individual Debtor's Schedules Official Form 106Dec

- Employee Income Records and/or Statement Concerning Payment Advices (L.B.F. 1007-6.1)
- Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Official Form 122C-1
- Chapter 13 Plan (L.B.F. 3015-1.1)
- Proof of legally sufficient service and notice of the plan, the deadline to file objections thereto, and the hearing on confirmation, to the U.S. Trustee, Chapter 13 Trustee, and all creditors and parties in interest

The Clerk notified that Debtor that all such documents were due by August 27, 2026, and warned: "Your case is subject to dismissal if you fail to file the missing documents by the above date." (Docket No. 8.)

In the Extension Order, the Court granted the Debtor's request for temporary waiver of the credit counseling requirement and ordered him to file a Certificate of Credit Counseling by no later than September 14, 2026. The Court warned that if the Debtor failed to file a Certificate, his case might be dismissed Section 109(h). Further, because the case suffered from numerous deficiencies, the Court recommended in the Extension Order that the Debtor review his case carefully and seek assistance of counsel. The Court further provided some information about where the Debtor might obtain such assistance.

Finally, in the Fee Schedule Order, the Court ordered the Debtor to make the first installment payment of $126 on August 27, 2026, along with further payments. The Clerk of the Court warned in the Fee Schedule Order: "The Debtor is advised that failure to pay the statutory filing fees as set forth above shall constitute cause for dismissal, and Debtor may be further barred from filing a petition in this Court for 180 days pursuant to Title 11 U.S.C. § 109(g)." All three Notices were sent to the Debtor at his address of record. (Docket Nos. 12-14.)

The Debtor failed to make the first installment payment or to file a Chapter 13 plan when due, so on August 31, 2026, the Court entered an "Order Dismissing Chapter 13 Case Prior to Confirmation of a Plan and Vacating Confirmation Hearing" (Docket No. 15, the "Dismissal Order"). At the time the Court entered the Dismissal Order, the Debtor had also failed to file the documents identified in the Notice of Deficiency.

The Debtor filed the Motion to Reinstate on September 8, 2026. In the Motion to Reinstate, the Debtor requests that the Court vacate the Dismissal Order and reinstate his Chapter 13 filing. In support of the Motion to Reinstate, the Debtor stated as follows:

**1. Direct Medical Hardship and Catastrophic Post-Operative Event**

The standard deadline for the Debtor to file remaining required bankruptcy schedules, financial statements, and the formal Chapter 13 Repayment Plan was Thursday, August 27, 2026. However, strict physical compliance within this short window was rendered completely impossible due to a sudden, severe post-operative medical emergency.

On August 20, 2026, the Debtor underwent major invasive urological surgery—specifically a Transurethral Resection of the Prostate (TURP) accompanied by the surgical placement of a suprapubic catheter—performed by Dr. Sean Manion at Colorado Urology. The immediate, severe medical recovery period directly overlapped with this Court's critical filing timeline.

Following the surgical procedure, the Debtor experienced acute urinary retention requiring emergency clinical monitoring and severe physical constraints. This medical emergency completely prevented the Debtor from physically accessing his financial records or compiling the highly detailed legal schedules required by the court clerk before the deadline passed. Factual clinical confirmation from Colorado Urology is attached directly to this motion as Exhibit A.

**2. Active Effort to Secure Funding and Cure Deficiencies**

The Debtor is acting in complete good faith to satisfy his obligations to his creditors and this Court. Despite ongoing painful surgical recovery and a severe family tragedy involving the sudden loss of a close family member last night, the Debtor has successfully re-entered the local workforce to secure stable, ongoing funding to maintain a viable Chapter 13 plan.

The Debtor has already prepared his initial financial documents and is prepared to immediately submit his outstanding installment fee and cure all document deficiencies the moment the stay shield is reinstated. Dismissal at this critical juncture would inflict irreparable structural harm on the estate, removing all active protections over essential professional tools and personal property.

The Debtor also submitted a "Clinical Summary" (Docket No. 19), which supports the Debtor's contentions regarding his post-surgical circumstances.

**<u>Legal Analysis</u>.**

The Debtor failed in the Motion to Reinstate to cite any legal authority in support of the instant Motion. Perhaps the Debtor wished to rely on Fed. R. Civ. P. 59, as incorporated by Fed. R. Bankr. P. 9023.

There are three major grounds that justify altering or amending a Court order or judgment under Fed. R. Civ. P. 59(e), as incorporated by Fed. R. Bankr. P. 9023: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995); *Mantle Ranches, Inc. v. U.S. Park Serv.*, 950 F. Supp. 299, 300 (D. Colo. 1997). Since the Debtor seems to be arguing that his failure to file his Chapter 13 plan and other documents and to pay the filing fee was due to his suffering a medical emergency, the Court construes the request as one to vacate the Dismissal Order to prevent manifest injustice.

Unfortunately, and even though the Court sympathizes with the Debtor, who certainly does appear to be facing some significant health challenges, the Court determines that the Debtor's very deficient case should not be reinstated.

The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure require the production of a substantial amount of information and documentation within carefully prescribed deadlines. They also require debtors to attend a meeting of creditors. When debtors fail to fulfill their obligations in a timely manner, such failure impedes the administration of the estate and can be prejudicial to creditors and other parties in interest. Such is the case here.

The Court cannot reinstate the case without resetting the Section 341 meeting of creditors, which was set for September 8, 2026, the hearing on confirmation of the Debtor's plan, which has been vacated, and other deadlines. And the Court cannot reset such deadlines without requiring the Debtor, the Chapter 13 Trustee, or the Clerk of the Court to provide notice of such deadlines, creating a significant administrative burden in a case in which the Debtor has not yet filed his statements, schedules, or Chapter 13 plan, all of which are critical to progression of the case. Under the circumstances, it would be better for the Debtor to start anew.

## **Order**

In summary, because the Debtor has failed to establish a basis under Rule 59 for vacating the Order of Dismissal, and because reinstating the case would create an undue administrative burden and prejudice to creditors and parties in interest, it is hereby

ORDERED that the Debtor's Motion is DENIED without prejudice to the refiling of a new Petition and bankruptcy case.[1] The case remains dismissed.

DATED this 11th day of September, 2026.

BY THE COURT:

Thomas B. McNamara

Thomas B. McNamara,
United States Bankruptcy Judge

---

[1] If the Debtor chooses to refile for bankruptcy, the Court encourages him to seek the assistance of counsel, and to sign up to receive electronic notifications of filings in his case. The Court has recently instituted a pro se bankruptcy clinic, staffed by an attorney, at which the Debtor might be able to receive some limited legal advice and assistance at no cost. The Debtor can obtain additional information about the clinic at cobar.org/bankruptcy or by calling 720-633-8866. Alternatively, some attorneys will consult with the Debtor for free and might be able to work with the Debtor to determine whether legal fees can be paid through a Chapter 13 plan. Or, if the Debtor's income is low enough, it is possible that Colorado Legal Services may be able to provide advice or assistance. Colorado Legal Services can be reached at 1905 Sherman Street, Suite 400, Denver Colorado 80203; telephone number 303-837-1321. Its website is http://www.coloradolegalservices.org. Other organizations also might be able to provide pro bono legal services.